CYNTHIA H. HARDAWAY, ESQ.
60 Park Place, 16th Floor
Newark, New Jersey  07102
(973) 672-7963
Attorney for Plaintiff
Kervin Michel

| | |
|---|---|
| KERVIN MICHEL<br>        Plaintiff,<br>v.<br>STATE OF NEW JERSEY, NEW JERSEY SUPERIOR COURT-ESSEX VICINAGE, HON. MICHAEL J. NELSON, J.S.C., (individually and in his official capacity), DEPARTMENT OF HUMAN SERVICES, DIVISION OF MENTAL HEALTH SERVICES, ANNE KLEIN FORENSIC CENTER, Dr. MAHMOOD GHAHRAMAMI, M.D. (individually and in his official capacity), DEPARTMENT OF LAW AND PUBLIC SAFETY, OFFICE OF THE ATTORNEY GENERAL, J. MICHAEL WICKE, DEPUTY ATTORNEY GENERAL, (individually and his official capacity), OFFICE OF THE ESSEX COUNTY PROSECUTOR, PAULA T. DOW, ESQ, (individually and in her official capacity), CITY OF NEWARK, NEWARK POLICE DEPARTMENT, DETECTIVE DAVID CHAPARRO(individually and in his official capacity), CITY OF EAST ORANGE, EAST ORANGE POLICE DEPARTMENT, POLICE OFFICER IBN-SHAHEED BARNES HOWARD (individually and in his official capacity), POLICE OFFICER JIMMY A. GREEN(individually in his official capacity), MARCUS THIGPEN DAVIS, KAREEM CALDWELL, and JOHN DOES 1 through 10, JANE DOES 1 through 10, and ABC Corp. through XYZ, individually, jointly and severally,<br><br>        Defendants. | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br>CIVIL ACTION NO.:<br><br><br>COMPLAINT AND DEMAND<br>FOR JURY TRIAL |

**KERVIN MICHEL** is a citizen of the State of New Jersey and residing at 83-

85 Halsted Street, Apt. 205, City of East Orange, State of New Jersey, County of Essex, by way of complaint against the defendants hereby says:

## I. JURISDICTION AND VENUE

1. Jurisdiction of this court is evoked pursuant to 28 U.S.C. § 1331 in as much as this matter involves causes of action arising under 42 U.S.C. §§ 1983, 1985, 1986 and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2. Jurisdiction of this court is evoked pursuant to 28 U.S.C. 1343 in as much as this matter involves causes of action seeking redress for the deprivation under color of state law of rights existing under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. §1983.

3. The jurisdiction of the claims based on New Jersey law which may be set forth in this complaint is invoked pursuant to pendant jurisdiction of this Court.

## II. PARTIES TO THE ACTION

4. Plaintiff Kervin Michel, currently resides at 83-85 Halsted Street, Apt 205, East Orange, New Jersey.

5. Upon information and belief, defendant Hon. Michael J. Nelson, J.S.C., is a judicial officer employed by the State of New Jersey, appointed to serve in the Superior Court of New Jersey, Essex County Vicinage.

6. Upon information and belief, defendant Anne Klein Forensic Center, is a State run psychiatric hospital incorporated under the State of New Jersey, Division

were employed the City of East Orange as police officers.

10. Upon information and belief, defendant Karraem Caldwell, at all times relevant, resided at 1623 May Street, Union, New Jersey.

11. Upon information and belief, defendant Marcus Davis, at all times relevant resided at 58 Underwood Street, Apt. #C4, Newark, New Jersey.

12. Defendants John Does and Jane Does 1 through 10 are fictitious names of other individuals who aided and abetted and/or conspired with defendants to deprive plaintiff of his civil rights. ABC through XYZ corporations are fictitious names of companies who aided and abetted and/or conspired with defendants to deprive plaintiff of his civil rights.

### III. BACKGROUND AND NATURE OF ACTION

13. Plaintiff Kervin Michel is an African-American male approximately twenty-nine years of age.

14. On or around August 29, 2006, at approximately 4:50 p.m., plaintiff was walking in the area of Washington Terrace and Morton Place in East Orange, New Jersey when he was stopped by defendant Officers Ibn –Shaheed Barnes Howard (Howard) and Jimmy A. Green (Green). The defendant officers began to question plaintiff about a stabbing incident in the area. Although plaintiff denied having any knowledge of the incident, the defendant officers placed him under arrest and transported him back to the East Orange police station. At that time, defendant was informed that he was being arrested for marijuana. Upon information and belief, plaintiff was never charged with possessing marijuana on that day.

15. After being in the police station about fifteen minutes, a handgun was discovered inside of the holding cell where plaintiff and at least eight other individuals were being detained. Plaintiff was then told that he and the other individuals were going to be charged with possessing the handgun. Instead, plaintiff later found that he alone was being charged with possessing the handgun. Plaintiff later discovered that defendants Howard and Green wrote a police report falsely stating that they found the gun on him at the time they initially stopped him in connection with the stabbing incident. Based on the gun charge, plaintiff's bail was set at $50,000. Plaintiff could not afford to post the bail so remained in jail pending his court date.

16. On or around April 23, 2007, defendant appeared in Court and was informed that he now had two additional charges of Aggravated Assault as well as possession of weapon charges against him arising out of Newark, and that his bail had been raised to $250,000. According to documentation, the new gun charges stemmed from the use of the gun that was falsely report to be found on plaintiff in East Orange. Plaintiff's criminal cases were presented to an Essex County Grand Jury. The resulting indictments were based on misleading information presented to the panel by employees of the Essex County Prosecutor's Office and/or the Attorney General's Office. The next series of court dates resulted in changes in prosecutors, public defender's, and Judges. Plaintiff was also offered plea bargains by his various lawyers, but rejected them all insisting instead on a speedy trial date. Finally, plaintiff was given a trial date of March 31, 2008, with respect to the first gun charge from East Orange.

17. On or around March 14, 2008, plaintiff was taken to court and advised by his newly appointed lawyer that a plea offer was still on the table. Plaintiff continued to vehemently reject all plea offers and insisted on a trial. Thereafter, he was informed that his trial date would be postponed. On or about August 8, 2008, plaintiff appeared in court for a hearing to suppress the gun seized in East Orange. On around August 13, 2008, the Court in a written opinion, granted the motion to suppress and threw out the gun on the ground that defendant Green did not have probable cause to stop and search plaintiff on the day of the incident. Thereafter, the gun charges stemming out of the East Orange case were dismissed. However, the Aggravated Assault and gun charges arising out of Newark remained.

18. Plaintiff was offered a plea bargain of time served for both Aggravated Assault charges. Plaintiff again rejected all plea bargains and insisted on going to trial. A trial date of September 19, 2008, was set for the Aggravated Assault case in which defendant Karream Caldwell (Caldwell) was the alleged victim. Approximately, three months after he was shot, Caldwell gave a statement falsely identify plaintiff as the individual who shot him. Defendant Marcus Thigpen Davis (Davis), in connection with the second assault also falsely identified plaintiff as the person who shot him, but later recanted his statement. Davis later claimed that he was pressured by the officers handling the case to implicate plaintiff. Defendant Detective David Chaparro (Chaparro) was the lead investigator on both Aggravated Assault cases.

19. On or around September 19, 2008, plaintiff was again taken to Court for what he believed to be his first day of trial on the Caldwell matter. On that day,

plaintiff appeared before defendant Honorable Michael J. Nelson, J.S.C (Judge Nelson), for the first time. After plaintiff again rejected all attempts to get him to accept a plea bargain for time served by his lawyer and Judge Nelson, Judge Nelson, without further explanation and for reasons not made known to plaintiff, rescheduled his court date to on or around December 1, 2008. On that date, plaintiff was brought to court but did not leave the holding cell and was returned to jail without a trial or even a court appearance.

20. About two months later in early March, 2009, plaintiff was abruptly taken back to court. Although, plaintiff did not appear in court, his lawyer went into the holding cell, and asked plaintiff if he wanted to accept a plea because Judge Nelson deemed plaintiff to be "incompetent" and therefore, could not proceed to trial. Plaintiff insisted that he was very competent and wanted to proceed to trial. In response his attorney left the holding cell and never returned. Plaintiff was remanded back to jail without starting trial or even appearing in the court room.

21. Approximately three days later and without advanced notice, plaintiff was suddenly transported from jail to defendant Anne Klein Forensic Center (Anne Klein). Plaintiff was admitted to Anne Klein on March 12, 2009 and discharged on May 7, 2009. According to a Discharge Summary prepared by defendant Mahmood Ghahramani, M.D., plaintiff's commitment to Anne Klein was ordered by the Honorable Harold W. Fullilove, J.S.C. for a 30-days Evaluation of Competency to Stand Trial and dangerousness to self, others, or property as a result of mental illness. However, at this time, plaintiff's matter had been transferred to Judge Nelson. Prior to the ordered commitment, plaintiff had no history of mental illness whatsoever.

However, defendant continually expressed his frustration about his prolonged incarceration and the failure of the Court system to schedule a real trial date.

22. During the 60 days that defendant was incarcerated at Anne Klein, he had one extended interview with defendant Mahmood Ghahramini, M.D. (Dr. Ghahramini) on May 1, 2009. As a result of that interview, plaintiff was diagnosed with Delusional Disorder Grandiose Type w/Persecutory Features 297.1, and Paranoid Personality Disorder Severe. Dr. Ghahramini's report concluded that plaintiff "has the factual understanding of the court system due to his paranoia he does not recognize his attorney as an ally. He doesn't have the confidence and trust in his current lawyer. He is not able to make rational conversation with his attorney. He knows that judge is in charge of the courtroom but he does not appreciate the judge's role therefore Mr. Michel does not seem to be capable of standing trial." With respect to plaintiff's dangerousness, Dr. Ghahramini's report further opined "he is suffering from a delusional disorder super imposed on severe paranoid personality disorder making him potentially subject to become violent in special circumstances during his incarceration at Essex County Jail he has not acted out in a dangerous manner requiring him to be hospitalized and during the time that he was in our hospital he was calm and cooperative with the routines of the hospital." Plaintiff received no medication during his incarceration at Anne Klein.

23. Plaintiff was discharged from Anne Klein on May 7, 2009, and remanded back to the Essex County jail for judicial determination of his competency. Upon his return to jail, plaintiff received another court date in early May, 2009. Again, plaintiff did not appear in Court, but was instead informed by his attorney that

the cases would be dismissed on or around June 19, 2009. On or around June 1, 2009, plaintiff was again taken to court only to be told that at the end of the day that his court case had been canceled. Plaintiff did not appear in court or speak to his lawyer that day. Plaintiff was not taken to Court on June 19, 2009.

24. In or around October, 2009, plaintiff's family was able to hire another attorney to represent him in his criminal matters. During that time, plaintiff learned for the first time that he had been civilly committed by order of Judge Nelson, dated June 1, 2009, and that the Court relied on the evaluation report submitted by Dr. Gharharamini in reaching its conclusion. Plaintiff never had a civil commitment hearing. Moreover, the civil commitment Order was never faxed to the Essex County Jail. As a result, plaintiff was detained at the Essex County Correctional Facility for four months illegally, without any treatment whatsoever.

25. On October 27, 2009, plaintiff was transferred to Greystone Park Psychiatric Hospital where he was eventually released on or around December 14, 2009, with no indication of any psychiatric disorder noted.

## IV. INCORPORATION OF ALLEGATIONS

26. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## V. CLAIMS FOR RELIEF

### A. FIRST CLAIM FOR RELIEF

(Malicious Prosecution)

27. The defendants City of East Orange, East Orange Police Department, Officers Green and Howard, City of Newark, Newark Police Department, Detective Chaparro, the State of New Jersey, the Office of the Attorney General through its employees, DAG Wicke, and the then Essex County Prosecutor Paula T. Dow, and through her various employees, committed malicious prosecution against plaintiff in that they initiated false criminal proceedings against plaintiff without probable cause, and for the purpose of covering up the fact that a gun was found in the East Orange holding cell, and to further solve two aggravated assault case that were allegedly connected to that recovered gun through ballistics. The proceedings terminated in favor of plaintiff as all of the criminal charges from East Orange and Newark were administratively dismissed by motion of the prosecutor after plaintiff had already been incarcerated for almost three years.

28. As a proximate result of defendants' actions, plaintiff has sustained permanent injuries. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

B. SECOND CLAIM FOR RELIEF

(5th Amendment Violation)

29. The defendants State of New Jersey, Office of the Attorney General, Office of the Essex County Prosecutor, former Essex County Prosecutor Paula T.

Dow, DAG Wicke, the City of Newark, Detective Chaparro, City of East Orange, and Officers Green and Howard, violated plaintiff's Fifth Amendment rights under both the United States Constitution and against the laws of the State of New Jersey, by initiating and/or prosecuting false criminal charges against him thereby depriving him of his liberty without due process. All of the parties named in this paragraph knew or had reason to know upon proper investigation that the charges against plaintiff were false and could not be sustained.

30. As a proximate result of defendants' actions, plaintiff has sustained permanent injuries. These injuries have caused and will continue to cause plaintiff great pain and suffering, both mental, emotional, and physical.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

C. THIRD CLAIM FOR RELIEF

(4th Amendment Violation)

31. The defendants State of New Jersey, Office of the Attorney General, Office of the Essex County Prosecutor, former Essex County Prosecutor Paula T. Dow, DAG Wicke, the City of Newark, Detective Chaparro, City of East Orange, and Officers Green and Howard, acting under color of law, unlawfully detained and arrested plaintiff without probable cause in violation of the Fourth Amendment to the United States Constitution, and against the laws of the State of New Jersey. Such actions by the defendants named in this paragraph were committed with wanton

disregard for the rights of plaintiff.

32. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### D. FOURTH CLAIM FOR RELIEF

(6th amendment and breach of duty)

33. The defendant Judge Nelson had a duty to handle plaintiff's criminal proceedings in a fair, impartial, and unbiased manner. Judge Nelson further had the duty to provide plaintiff with a speedy and public trial by an impartial jury. Judge Nelson breached that duty owed to plaintiff by refusing to schedule a trial date for plaintiff and/or dismissing plaintiff's matters, but instead rendering him mentally incompetent in retaliation for plaintiff refusing to accept the plea bargain offered by the defendant DAG Wicke and other representatives of the defendant Attorney General's Office and/or defendant Office of the Essex County Prosecutor.

The defendants State of New Jersey, Office of the Attorney General, Office of the Essex County Prosecutor, former Essex County Prosecutor Paula T. Dow, DAG Wicke, the City of Newark, Detective Chaparro, City of East Orange, and Officers Green and Howard, owed a duty to plaintiff properly investigation and

prosecute any criminal charges lodged against him and to refrain from filing false charges against him, and to further retrain from presenting misleading evidence to the Grand Jury. Defendants Anne Klein and Dr. Ghahramami, M.D. owed plaintiff a duty to provided with the correct diagnosis and appropriate medical treatment for any bonafide mental illness.

The defendants named in this paragraph breached their respective duties owed to plaintiff to refrain from filing and prosecuting false charges against him, to provided him with a fair and speedy trial, to refrain from committing him civilly without just cause or due process, and to properly diagnose the existence of mental illness, and to further provided treatment for same if any such illness existed. All of the actions of the defendants named in this paragraph were negligent, reckless, and/or intentional.

34.  As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### E. FIFTH CLAIM FOR RELIEF
(Municipal Liability-federal and state)

35. Defendants City of Newark, City of East Orange, the Office of the Attorney General, the Office of the Essex County Prosecutor, former Essex County Prosecutor Paula T. Dow in violation of 42 U.S.C. § 1983, and state negligence laws, failed in their duty to plaintiff to adequately train, and supervise the defendant officers and DAG Wicke, and other unidentified employees, who at all times were acting within the scope of their employment and pursuant to a municipal custom or policy, so as to prevent the violation of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, the laws of the State of New Jersey, and the New Jersey State Constitution. Such a failure on the part of the defendants named in this paragraph amounted to a deliberate indifference to the constitution rights of plaintiff.

36. Defendant City of Newark, City of East Orange, Office of the Attorney General, and the Office of the Essex County Prosecutor are further liable to plaintiff under the theory of respondeat superior, and/or directly liable to plaintiff under § 1983 for implementing a policy, followed by the defendant officers and employees, which lead to the deprivation of plaintiff's liberty in violation of the Fourteenth Amendment and his rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

37. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish, and permanent psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and

any other and further relief as the Court may deem proper and just.

## F. SIXTH CLAIM FOR RELIEF

(Infliction of Emotional Distress)

38. All named defendants negligently or intentionally subjected plaintiff to emotional distress by falsely accusing him of criminal activity, denying him a speedy trial, illegally detaining him, and/or subjecting him to civil commitment.

39. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## G. SEVENTH CLAIM FOR RELIEF

(8th Amendment)

40. Defendants State of New Jersey, Essex County Superior Court-Essex Vicinage, Judge Nelson, Anne Klein, Dr. Ghahramani, Office of the Attorney General, Office of the Essex County Prosecutor, and DAG Wicke, subjected plaintiff cruel and unusual punishment in violation of the Eighth amendment and laws of the State of New Jersey, in that they were directly responsible and conspired with one another to civilly commit plaintiff when he refused to accept a guilty plea with respect

to the criminal charges lodged against him that could not be proven at trial.

41. All the defendant's named in this paragraph, acted intentionally, with actual malice, and total disregard for the rights of plaintiff. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

### H. EIGHTH CLAIM FOR RELIEF

(14th Amendment violation)

42. All named defendants in their actions deprived plaintiff of liberty without due process and denied him the equal protection of the laws of the United State of the Constitution and the laws of the State of New Jersey. Said actions were committed in violation of plaintiffs constitutional rights as guaranteed by the Fourteenth Amendment of the United States Constitution and the laws of the State of New Jersey.

43. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for

compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## I. NINTH CLAIM FOR RELIEF

(Conspiracy-federal claim)

44. All named defendants conspired with one another to deprived plaintiff of his rights as guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, and having the power to prevent through its agents and assigns the violation of said rights, refused to do so in violation of 42 U.S.C. §§ 1985 and 1986.

45. As a result of the foregoing deprivations, plaintiff has been permanently injured, damaged or otherwise harmed and unlawfully, which has caused him and will continue to cause him to suffer anxiety, humiliation, embarrassment, mental anguish, and psychological damages.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## J. TENTH CLAIM FOR RELIEF

46. Defendant (s) John Does and Jane Does are fictitious names intended to identify any and all parties, including individuals, corporations and/or entities whose identities are presently unknown to plaintiff, who together with the named defendants were responsible for the deprivation of plaintiff's rights as guaranteed by the Fourth,

Fifth, and Fourteenth Amendments to the United States Constitution, the New Jersey State Constitution and state law, and in violation of 42 U.S.C. §§ 1983, 1985 and 1986.

**WHEREFORE**, plaintiff requests judgment against defendants for compensatory and punitive damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## JURY DEMAND

Pursuant to R. 38 of the Federal Rules of Civil Procedure, plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Cynthia H. Hardaway, Esq. is hereby designated as trial counsel.

## CERTIFICATION

Counsel certifies that this pleading is presented in compliance to R. 11 of the Federal Rules of Civil Procedure.

**CYNTHIA H. HARDAWAY, ESQ.**
**Attorney for Plaintiff**

_____
Cynthia H. Hardaway, Esq. (CCH3958)

DATED: July 26, 2010