NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KERVIN MICHEL, | Civil Action No. 10-3892 (FSH) |
| Plaintiff, | **ORDER & OPINION** |
| v. | Date: April 25, 2011 |
| STATE OF NEW JERSEY, ET AL., | |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter comes before the Court on the Motions to Dismiss filed by Defendants the Office of the Essex County Prosecutor and Paula Dow (the "State Defendants") and by the City of East Orange and the East Orange Police Department (the "East Orange Defendants").[1] The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**[2]

Plaintiff is a 29 year old, African-American male. He alleges that on August 29, 2006 at approximately 4:50 PM, he was walking in the area of Washington Terrace and Morton Place in East Orange, New Jersey when he was stopped by defendant Officers Howard and Green of the East Orange Police Department. Plaintiff claims that the officers questioned him about a

---

[1] Plaintiff also brings claims against the following non-moving Defendants: (1) the City of Newark; (2) the Newark Police Department; (3) Detective Dave Chaparro; (4) Officer Ibn-Shaheed Barnes Howard; (5) Officer Jimmy A. Green; (6) the Essex County Department of Corrections; and (7) Director Alfero Ortiz.

[2] The facts set forth here are drawn from the Amended Complaint. At the motion to dismiss stage, this Court accepts these facts as true. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

stabbing in the area and placed him under arrest, though he denied knowing anything about he incident.

Plaintiff was taken to the East Orange Police Department, where he claims he was told he was being arrested for marijuana possession. Plaintiff pleads in the Amended Complaint that he was, in fact, not charged with marijuana possession that day. Plaintiff claims that after he had been in the police station about fifteen minutes, a handgun was discovered in the cell he was sharing with at least eight other individuals. He claims officers told him everyone in the cell they would be charged with handgun possession. Despite this, Plaintiff alleges that he was the only individual charged with possession of the handgun. Plaintiff further claims that Officers Howard and Green filed a false police report claiming they found the handgun on Plaintiff's person during the initial stop in connection with the stabbing incident.

Plaintiff's bail was set at $50,000, and he remained in jail pending a court date. On April 23, 2007, Plaintiff appeared in court to face the handgun possession charge, as well as charges of aggravated assault and possession of a weapon arising out of earlier incidents in Newark. Plaintiff was accused of shooting two men, Karream Caldwell and Marcus Thigpen Davis. Detective Chaparro was the lead investigator on both cases. Plaintiff claims that Caldwell did not identify him as the shooter until three months after the alleged incident and that Davis now claims he was pressured to implicate Plaintiff.

At the April 23, 2007 hearing, Plaintiff's bail was raised to $250,000. Plaintiff claims that over the course of the next year, he attended a series of court dates in which he was offered plea bargains and rejected them. On March 14, 2008, Plaintiff appeared in court and again rejected a plea offer, insisting on a trial. The planned trial date of March 31, 2008 was postponed. Plaintiff

appeared in court on August 8, 2008 for a suppression hearing concerning the gun he was alleged to have possessed in East Orange. On August 13, 2008, the state court judge granted Plaintiff's motion to suppress on the grounds that Green did not have probable cause to stop and search Plaintiff. As a result, the East Orange handgun possession charge was dismissed.

On September 19, 2008, Plaintiff appeared before Superior Court Judge Michael J. Nelson for the first time, expecting to begin trial on the remaining charges. After Plaintiff rejected all plea offers, Judge Nelson adjourned the matter until December 1, 2008. On that date, plaintiff was taken to court, but no conference was held.

In March 2009, Plaintiff's attorney urged him to accept a plea, telling him that Judge Nelson had deemed Plaintiff incompetent to stand trial. Plaintiff refused the plea. On March 12, 2009, Plaintiff was admitted to Anne Klein Forensic Center, where he stayed until discharged on May 7, 2009. During that time, he had one extended interview with Dr. Mahmood Ghahramini and was diagnosed with both delusional and paranoid personality disorders. He was not medicated for this condition. According to Plaintiff's Discharge Summary, Superior Court Judge Harold. W. Fullilove ordered Plaintiff's commitment for a 30-day Evaluation of Competency to Stand Trial. Plaintiff contends he has no history of mental illness.

After being discharged from Anne Klein, Plaintiff was returned to the Essex County Jail. In October 2009, Plaintiff's family hired a new attorney who discovered that the commitment order was submitted by the Essex County Prosecutor, then Paula Dow, and was signed by Judge Nelson. The commitment order required Dow to notify the Essex County Adjuster and to forward any discoverable materials to Plaintiff. He claims neither ever happened.

On October 27, 2009, Plaintiff was transferred to Greystone Park Psychiatric Hospital. He was released on December 14, 2009.

Plaintiff brings the following claims against the moving Defendants: (1) 4th, 5th and 14th Amendment violations pursuant to 42 U.S.C. § 1983 against the State Defendants; (2) Malicious Prosecution pursuant to 42 U.S.C. § 1983 against the East Orange Defendants; (3) municipal liability pursuant to 42 U.S.C. § 1983 and the state respondeat superior doctrine against the City of East Orange; (4) infliction of emotional distress under state law against all moving Defendants; and (5) conspiracy pursuant to 42 U.S.C. §§ 1985-1986 against all moving Defendants.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While courts must generally accept Plaintiff's factual allegations as true, they are also entitled to consider documents "integral to" the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Additionally, courts may review documents explicitly relied on or incorporated by reference in the pleading. Id.

I.   UNOPPOSED MOTIONS TO DISMISS VARIOUS CLAIMS

Plaintiff has not filed any opposition to the moving Defendants' motions to dismiss the following claims: (1) all federal claims asserted against the Essex County Prosecutor's Office;[3] (2) the malicious prosecution claim asserted against the East Orange Defendants;[4] and (3) the infliction of emotional distress claim asserted against the Office of the Essex County Prosecutor and the East Orange Defendants.[5]  Accordingly, these claims are deemed abandoned and will be dismissed.  See e.g., Speth v. Goode, No. 95-0264 (JBS), 2010 U.S. Dist. LEXIS 63404, at *17-18 (D.N.J. June 23, 2010) (dismissing as abandoned claims not addressed in opposition to a motion to dismiss).

II.    CLAIMS AGAINST PAULA DOW IN HER INDIVIDUAL CAPACITY

Plaintiff also brings federal claims against former Essex County Prosecutor Paula Dow in her individual capacity under 42 U.S.C. §§ 1983, 1985 and 1986, as well as a claim for infliction

---

[3] The Essex County Prosecutor's Office moves to dismiss those claims on the grounds that (1) they are barred by the Eleventh Amendment and (2) the Office is not a "person" and thus cannot be sued under these statutes.  Plaintiff's only response to this motion is to note that he will "voluntarily dismiss the Office of the Essex County Prosecutor as a defendant under 42 U.S.C. § 1983 in this matter."  See Pltf. State Opp. Br. 1.

[4] The East Orange Defendants move to dismiss the malicious prosecution claim on the ground that a municipality and municipal entities may only be held liable under 42 U.S.C. § 1983 based on liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).  See id. at 690 ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.").  Plaintiff has separately plead a Monell claim against only the City of East Orange.

[5] These Defendants move to dismiss the infliction of emotional distress claim on the ground that Plaintiff failed to file the required tort claim within 90 days of the accrual of the cause of action, as required by New Jersey law.  See N.J. Stat. Ann.§ 59.  Plaintiff affirmatively "concedes" that the infliction of emotional distress claim is "not applicable" to the East Orange Defendants, Pltf. East Orange Opp. Br. 9, and fails to offer any opposition whatsoever in response to the Office of the Essex County Prosecutor's motion as to this claim.

5

of emotional distress under state law.  Dow seeks dismissal of these claims on the ground that they are barred by the doctrine of absolute prosecutorial immunity.

"In initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983," insofar as the prosecutorial conduct is "intimately associated with the judicial phase of the criminal process."  Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

"[I]n determining immunity, [courts] examine 'the nature of the function performed, not the identity of the actor who performed it.'"  Kalina v. Fletcher, 522 U.S. 118, 127 (1997) (quoting Forrester v. White, 484 U.S. 219, 229 (1988)).

"A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."  Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993).

Here, Plaintiff alleges that Dow is sued for actions taken in her administrative rather than judicial capacity.  He hinges his claims against her on his allegation that his criminal case was dismissed four months before he was released.  Plaintiff alleges that this was a result of Dow's failure to forward the civil commitment order to the Essex County Adjuster.

The Supreme Court has recently made clear that "supervisory prosecutors are immune in a suit directly attacking their actions related to an individual trial."  Van de Kamp v. Goldstein, 555 U.S. 335 (2009).

Here, Dow is sued in her supervisory capacity as Essex County Prosecutor.  Plaintiff does not allege that Dow was directly involved in his case.  Indeed, he concedes in his brief opposing the motion to dismiss that "Deputy Attorney General J. Michael Wicke, at all times relevant, was

6

the prosecutor on loan to the Essex County Prosecutor's Office...."[6] Dow's role in supervising Wicke, or whoever the trial attorney assigned to Plaintiff's case was, cannot be said to be an administrative function under Van de Kamp.[7] Accordingly, Dow is entitled to prosecutorial immunity from the claims alleged against her in the Amended Complaint.

III.   CLAIMS ASSERTED AGAINST THE CITY OF
       EAST ORANGE AND THE EAST ORANGE POLICE DEPARTMENT

Plaintiff brings claims against the City of East Orange for municipal liability and against both of the East Orange Defendants for conspiracy under 42 U.S.C. §§ 1985 and 1986.

   A.   Municipal Liability

The City of East Orange moves to dismiss the municipal liability claim for failure to state a claim.

       1.   Respondeat Superior Liability

The Amended Complaint asserts that the City of East Orange is liable for the actions of its police officers under a theory of respondeat superior.

The New Jersey Tort Claims Act provides that "[a] public entity is not liable for the acts or omissions of a public employee constituting a crime, actual fraud, actual malice or willful misconduct." N.J.S.A. 59:2-10. In McDonough v. Jorda, 214 N.J. Super. 338 (App. Div. 1986), the Appellate Division considered a claim that a municipality should be liable for civil rights

---

[6] Pltf. State Opp. Br. 2.

[7] Plaintiff relies on Odd v. Malone, 538 F.3d 202 (3d Cir. 2008), which is not to the contrary. Odd revolves around the failure of Assistant District Attorneys in two separate cases to inform courts that relevant witnesses remained detained despite the granting of a continuance in one case and the dismissal of the case in another. 538 F.3d at 205-06. While the Third Circuit found that this was "an administrative oversight by the prosecutor that does not warrant absolute immunity," id. at 215, the case did not raise the issue of liability by a supervisory prosecutor.

violations under a theory of respondeat superior. The McDonough court held that "[w]hen the municipal employees committed the intentional torts, respondeat superior did not apply. The City was not vicariously liable in such circumstances. We cannot, by judicial prestidigitation, create municipal liability where municipal immunity is legislatively prescribed." 214 N.J. Super. at 350; see also McGovern v. City of Jersey City, No. 98-cv-5186 (JLL), 2005 U.S. Dist. LEXIS 38644, at * (D.N.J. 2005) (dismissing tort claims alleged in a civil rights case against a municipality as invalid because they were plead based on vicarious liability).

Here, in contravention of McDonough, Plaintiff seeks to hold the City of East Orange liable under a respondeat superior theory for willful misconduct allegedly engaged in by East Orange police officers. Plaintiff offers no case law that would permit such a claim to proceed.

    2.    Monell Liability

"A municipality may be liable under section 1983 only if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice." Williams v. West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)).

The Amended Complaint contains only the most conclusory allegations that the City of East Orange "failed in [its] duty to adequately train, and supervise the defendant officers...and other unidentified employees, who at all times were acting within the scope of their employment and pursuant to a municipal custom or policy...."[8] Plaintiff fails to identify a specific custom or policy upon which his Monell claim is based. Nor does he assert any allegations specific to the City of East Orange.

---

[8] Am. Cmplt. ¶ 30.

Plaintiff argues that "[i]t would be hard to imagine that news of a gun, a deadly weapon, found in a holding cell amongst a group of prisoners, would not be widely discussed and travel all the way to the top hierarchy of the East Orange Police Department."[9] This is precisely the kind of allegation – unsupported by "sufficient factual matter," that must be rejected under Iqbal. See Iqbal, 129 S.Ct. at 1949.

Even if such an allegation were sufficiently plead, it could not be the basis for a valid Monell claim. "A failure to train, discipline or control can only form the basis for § 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." Montgomery v. DeSimone, 159 F.3d 120 (3d Cir. 1998). That news of the discovery of a hand gun in Plaintiff's cell might have made its way to "the top hierarchy of the East Orange Police Department," does not permit the conclusion that the City of East Orange had contemporaneous knowledge or had approved of similar prior actions by police officers.

B.   Conspiracy

"Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'" Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)).

---

[9] Pltf. East Orange Opp. Br. 8.

In order to state a claim under § 1985(3), a plaintiff must allege, "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'" Farber, 440 F.3d at 134 (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

"To demonstrate an unconstitutional conspiracy a plaintiff must show that two or more conspirators reached an agreement to deprive the plaintiff of a constitutional right under color of state law." Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 483 (D.N.J. 2009). "A claim for conspiratorial liability 'must ... contain supportive factual allegations.' The factual allegations supporting the conspiracy claim may not be generalized or conclusory." Ivan, 595 F. Supp. 2d at 484 (quoting Rose v. Bartle, 871 F.2d 331, 366 (3d Cir. 1989)).

Here, Plaintiff alleges no facts to suggest that either of the East Orange Defendants entered into an agreement to deprive him of a constitutional right. Without "supportive factual allegations," the claim for conspiracy must be dismissed.

IV.     LEAVE TO AMEND

Plaintiff seeks leave to amend his complaint to (1) add Deputy Attorney General Michael Wicke as a Defendant and (2) allege additional facts in support of any dismissed claims.

"[A] court freely should grant leave to amend a complaint when justice so requires." Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, 604 F.3d 788, 803 (3d Cir. 2010) (citing Fed. R. Civ. P. 15(a)(2)). However, a district court may deny leave to amend where amendment

10

would be inequitable or futile.  Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 144 (3d Cir. 2009).

Plaintiff is directed to submit a proposed Second Amended Complaint within ten days of the entrance of this Order & Opinion in which he may (1) add Deputy Attorney General Michael Wicke as a Defendant and proffer any allegations in support of claims asserted against Wicke[10] and (2) set forth any additional factual allegations in support of the claims for municipal liability and conspiracy against the East Orange Defendants.[11]  This Court will review Plaintiff's submission to determine if amendment is appropriate.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 25th day of April, 2011,

**ORDERED** that the State Defendants and the East Orange Defendants' Motions to Dismiss are **GRANTED**; it is further

**ORDERED** that Plaintiff may submit a proposed Second Amended Complaint to this Court within ten days of the entrance of this Order in which he may (1) add Deputy Attorney General Michael Wicke as a Defendant and proffer any allegations in support of claims asserted

---

[10]  The State Defendants argue that the addition of Wicke as a Defendant would be futile because he is entitled to absolute prosecutorial immunity.  Plaintiff may allege facts, however, indicating that Wicke is liable for actions taken in an administrative capacity, actions for which he would be entitled only to qualified immunity.  Plaintiff will be permitted to submit a proposed Second Amended Complaint for this Court's review to determine if the allegations satisfy such a standard.

[11]  Plaintiff seeks permission to add factual allegations in support of all dismissed claims.  However, the dismissal of the majority of the claims at issue here was unopposed.  Additionally, permitting Plaintiff to re-plead claims against Paula Dow would be futile, in light of her entitlement to absolute immunity as the supervisory prosecutor.

against Wicke[12] and (2) set forth any additional factual allegations in support of the claims for municipal liability and conspiracy against the East Orange Defendants.

      The Clerk of the Court is directed to terminate the motions (Docket Nos. 31, 33).

                                             /s/ Faith S. Hochberg
                                             **HON. FAITH S. HOCHBERG, U.S.D.J.**

---

[12] The State Defendants argue that the addition of Wicke as a Defendant would be futile because he is entitled to absolute prosecutorial immunity. Plaintiff may allege facts, however, indicating that Wicke is liable for actions taken in an administrative capacity, actions for which he would be entitled only to qualified immunity. Plaintiff will be permitted to submit a proposed Second Amended Complaint for this Court's review to determine if the allegations satisfy such a standard.