**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| KERVIN MICHEL, | : | Civil Action No. 10-3892 (FSH) |
| | : | |
| Plaintiff, | : | **ORDER & OPINION** |
| | : | |
| v. | : | Date: July 25, 2011 |
| | : | |
| DEPUTY ATTORNEY GENERAL | : | |
| MICHAEL WICKE, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**HOCHBERG, District Judge:**

This matter comes before the Court on Defendant Deputy Attorney General Michael Wicke's Motion to Dismiss the claims asserted against him. The Court has reviewed the parties' submission pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**[1]

Plaintiff Kervin Michel brings claims arising from his August 29, 2006 arrest and subsequent civil commitment proceedings.[2]

On March 12, 2009, Plaintiff was admitted to Anne Klein Forensic Center, where he stayed until discharged on May 7, 2009. During that time, he had one extended interview with Dr. Mahmood Ghahramini and was diagnosed with both delusional and paranoid personality

_____

[1] The facts set forth here are drawn from the Second Amended Complaint. At the motion to dismiss stage, this Court accepts these facts as true. See In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).

[2] The Court presumes familiarity with the facts, as set forth in its April 25, 2011 opinion.

disorders.  He was not medicated for this condition.  According to Plaintiff's Discharge

Summary, Superior Court Judge Harold. W. Fullilove ordered Plaintiff's commitment for a

30-day Evaluation of Competency to Stand Trial.  Plaintiff contends he has no history of mental

illness.  After being discharged from Anne Klein, Plaintiff was returned to the Essex County Jail.

In October 2009, Plaintiff's family hired a new attorney who discovered that the commitment

order was submitted by the Essex County Prosecutor, then Paula Dow, and was signed by

Superior Court Judge Michael J. Nelson.  The commitment order required Dow to notify the

Essex County Adjuster and to forward any discoverable materials to Plaintiff.  He claims neither

ever happened.  On October 27, 2009, Plaintiff was transferred to Greystone Park Psychiatric

Hospital. He was released on December 14, 2009.

     Plaintiff contends that at all relevant times Deputy Attorney General Wicke was acting

prosecutor with the Essex County Prosecutor's Office and in that role "failed to notify the Essex

County Adjuster of defendant's status, or forward the appropriate paperwork," resulting in

Plaintiff's illegal detention.

     On May 11, 2011l, Plaintiff filed a Second Amended Complaint, asserting the following

claims against the moving Defendant: (1) 4th, 5th and 14th Amendment violations pursuant to 42

U.S.C. § 1983 and (2) conspiracy pursuant to 42 U.S.C. §§ 1985 and 1986.

## DISCUSSION

     To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a

complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is

plausible on its face.'  A claim has facial plausibility when the plaintiff pleads factual content

that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While courts must generally accept Plaintiff's factual allegations as true, they are also entitled to consider documents "integral to" the complaint. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). Additionally, courts may review documents explicitly relied on or incorporated by reference in the pleading. Id.

I.   SOVEREIGN IMMUNITY

Plaintiff brings claims against Defendant in both his official and individual capacities. Defendant argues that a dismissal with prejudice is appropriate because as a state official he is entitled to absolute sovereign immunity.

A.   Official Capacity

States and state officials acting in their official capacity cannot be sued in Federal court under the doctrine of sovereign immunity. See Sossamon v. Texas, 131 S. Ct. 1651, 1657-1658 (2011) ("For over a century now, this Court has consistently made clear that federal jurisdiction over suits against unconsenting States was not contemplated by the Constitution when establishing the judicial power of the United States.") (internal quotations omitted); see also Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself."); Quern v. Jordan, 440 U.S. 332, 341 (1979) ("We simply are unwilling to believe ... that Congress intended by the general language of § 1983 to override the traditional sovereign immunity of the States.").

Plaintiff fails to address this issue in his opposition to the Motion to Dismiss. As such,

this argument is deemed abandoned by the court.  See e.g., Speth v. Goode, No. 95-0264 (JBS),

2010 U.S. Dist. LEXIS 63404, at *17-18 (D.N.J. June 23, 2010) (dismissing as abandoned claims

not addressed in opposition to a motion to dismiss).  Accordingly, the Court will dismiss all

claims against Defendant in his official capacity.

     B.    Individual Capacity

The Supreme Court has held that the Eleventh Amendment does not extend sovereign

immunity to bar suits brought against officials in their individual capacities and has been

unpersuaded by the argument that "state officials may not be held liable in their personal capacity

for actions they take in their official capacity." Hafer v. Melo, 502 U.S. 21, 27, 31 (1991).

Absolute immunity is not extended to officials "personally liable for acts done in the course of

their official duties." Id. at 28.  Therefore, the party that asserts the protection of the Eleventh

Amendment and stands to be immune bears the burden of demonstrating its applicability.

Christy v. Pennsylvania Turnpike Comm'n, 54 F.3d 1140, 1144 (3rd Cir. 1995).

Actions brought against an official in his or her individual capacity "seek to impose

individual liability upon a government officer for actions taken under color of state law."[3]  Hafer,

502 U.S. at 25.  Accordingly, a plaintiff must only show that the official was acting under color

of state law and caused the deprivation of a federal right to "establish personal liability in a

§1983 claim." Id. at 25 (citing Ky v. Graham, 473 U.S. 159 (1985)).

---

     [3] "A victory in a personal-capacity action is a victory against the individual defendant, rather than against the entity that employs him." Ky. v. Grahan, 473 U.S. at 167-168.  Any damages Plaintiff may potentially recover must come directly from Defendant himself.  Plaintiff will be barred from recovering any damages from the state.  See Hafer, 502 U.S. at 31 ("[D]amage awards against individual defendants in federal courts are a permissible remedy in some circumstances notwithstanding the fact that they hold public office.") (internal quotation omitted).

Here, Plaintiff contends that the four months he spent detained in the Essex County Correctional Facility was caused by Wicke's failure to perform a purely administrative task, forwarding the commitment order to the appropriate department as so ordered by the trial court. Plaintiff argues that the harm he has sustained stems from Defendant's individual failure to take appropriate action regarding Plaintiff's commitment paperwork while acting as a county prosecutor under the color of state law.

Sovereign immunity extending from the Eleventh Amendment does not bar this aspect of this suit. Defendant may well have a valid immunity, and an appropriate motion based upon qualified immunity should be promptly considered by Wicke's counsel.

II.   <u>PROSECUTORIAL IMMUNITY</u>

Defendant also moves to dismiss Plaintiff's claims by invoking the doctrine of prosecutorial immunity. In <u>Odd v. Malone</u>, the Third Circuit identified the limitations associated with prosecutorial immunity, acknowledging that,

> In light of the Supreme Court's 'quite sparing' recognition of absolute immunity to § 1983 liability, we begin with the presumption that qualified rather than absolute immunity is appropriate. … To overcome this presumption, a prosecutor must show that he or she was functioning as the state's advocate when performing the action(s) in question. … This inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.' … Under this functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or 'quasi-judicial' capacity. … Thus, immunity attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings.

<u>Odd v. Malone</u>, 538 F.3d 202, 207-08 (3d Cir. Pa. 2008) (internal quotations omitted).

Here, the essential question is whether Defendant was acting as the State's advocate when

5

he allegedly failed to timely file the necessary paperwork.  Defendant must show his specific acts in question, were "intimately associated with the judicial phases of litigation."  Id.  If this Court finds that Defendant was performing "administrative … actions unrelated to … conducting judicial proceedings," then Defendant is not entitled to prosecutorial immunity.  Id.

Plaintiff's claim against Defendant stems from Defendant's alleged failure to submit paperwork or notify the Essex County Adjuster of Plaintiff's status, resulting in four additional months of detention at the Essex County Correction Facility.

Defendant argues this action was prosecutorial, not administrative, because he was determining "whether to act in the stead of the county adjuster[.]"[4]  Under N.J. Stat. Ann. § 30:4-27.12(1), "The Attorney General, or the county prosecutor acting at the request of the Attorney General, may supersede the county counsel or county adjuster and assume responsibility for presenting any case for involuntary commitment[.]"

Wicke's role in civil commitment proceedings may be prosecutorial or judicial functions entitled to immunity.  As set forth below, this Court converts the instant motion to a motion for summary judgment, directs immediate discovery into the limited issues surrounding prosecutorial immunity and will set a schedule for the briefing of said motion.

III.    "PERSON" UNDER 42 U.S.C. §§ 1983, 1985, 1986

Defendant also seeks dismissal of Plaintiff's claims on the ground that he is not a "person" within the meaning of 42 U.S.C. §§ 1983, 1985 and 1986.  All three provisions address deprivations of constitutional rights carried out by a "person."

---

[4] Def. Reply Br. at 3.

The Supreme Court has held that "officers sued in their personal capacity come to court as individuals.  A government official in the role of personal-capacity defendant thus fits comfortably within the statutory term 'person.'" Hafer, 502 U.S. at 27; see also Johnson v. Louisiana, 1996 U.S. Dist. LEXIS 7225 *6 (E.D. La. May 22, 1996).  As Defendant concedes, the meaning of the term "person" under §§ 1985 and 1986 mirrors that under § 1983.

Because Wicke is sued in his individual capacity, he is a person under 42 U.S.C. §§ 1983, 1985 and 1986 is denied.[5]

IV.    CONSPIRACY PURSUANT TO 42 U.S.C. §§ 1985, 1986

Defendant argues that Plaintiff has failed to allege an agreement sufficient to establish a conspiracy under 42 U.S.C. §§ 1985 and 1986.

To establish a § 1985 claim, a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States."  Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. N.J. 2006) (citing United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

"[A] § 1986 plaintiff must show that: (1) the defendant had actual knowledge of a § 1985 conspiracy, (2) the defendant had the power to prevent or aid in preventing the commission of a §

---

[5]  In a single footnote, Wicke argues that even if this Court finds that he is a "person" under the relevant statutes, the claims against him should be dismissed because "Plaintiff has not alleged invidious discrimination based on race, or otherwise, to state a claim against the State Defendant." Def. Br. 17 n.2.  The deprivations of liberty allegedly perpetrated by Wicke do not relate to racial discrimination.  Accordingly, the Court finds this argument unpersuasive.

1985 violation, (3) the defendant neglected or refused to prevent a § 1985 conspiracy, and (4) a wrongful act was committed."). Clack v. Clabaugh, 20 F.3d 1290, 1295 (3d Cir. 1994).

Plaintiff's only opposition to Wicke's Motion to Dismiss these claims is to claim that he has alleged sufficient facts necessary to support his §1983 claim. This is not sufficient as the elements of a § 1985 or a § 1986 are wholly separate from those required to prove a §1983 claim.

Additionally, the Second Amended Complaint does not set forth sufficient basis upon which to state a plausible claim to relief under these statutes. "A claim for conspiratorial liability 'must ... contain supportive factual allegations.' The factual allegations supporting the conspiracy claim may not be generalized or conclusory." Ivan v. County of Middlesex, 595 F. Supp. 2d 425, 484 (D.N.J. 2009) (citing Rose v. Bartle, 871 F.2d 331, 366 (3d. Cir. 1989)). Plaintiff does not set forth any allegations alleging that Wicke entered into an agreement to deprive Plaintiff of his rights, nor that he had knowledge of or the power to prevent any conspiracy. Because the Second Amended fails to provide any plausible "supportive factual allegations," Plaintiff's conspiracy claims will be dismissed.

## CONCLUSION

For the reasons set forth above,

**IT IS** on this 25th day of July, 2011,

**ORDERED** that the Defendant Deputy Attorney General Michael Wicke's Motion to Dismiss is **GRANTED** in part; and it is further

8

**ORDERED** that Plaintiff's claims against Deputy Attorney General Michael Wicke in his official capacity and his claims asserted under 42 U.S.C. §§ 1985 and 1986 are dismissed; and it is further

**ORDERED** that Wicke's Motion to Dismiss Plaintiff's claim against him in his individual capacity under 42 U.S.C. § 1983 is converted to a Motion for Summary Judgment, on which this Court reserves judgment; and it is further

**ORDERED** that the parties complete all discovery relevant to the issue of prosecutorial immunity by **October 7, 2011**; and it is further

**ORDERED** that Wicke renew his motion for summary judgment on the issue of prosecutorial immunity by **October 28, 2011**;

The Clerk of the Court is directed to terminate the motion: Dkt. No. 46.

/s/ Faith S. Hochberg
**HON. FAITH S. HOCHBERG, U.S.D.J.**